

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00188-CR

_____

JOHN SPARKS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. F21-3083-462

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant John Sparks attempts to appeal his conviction for aggravated sexual assault of a child. But Sparks waived his right to appeal as part of his plea bargain with the State.

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification of the defendant's right to appeal, clarifying whether the case involved a plea bargain and the defendant waived his right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Here, Sparks's judgment of conviction states that he entered into a plea bargain to "plead guilty [and] receive 20 yrs. TDCJ/ no fine." [Capitalization altered.] The trial court accepted the terms of this plea bargain and entered judgment accordingly. That same day, the trial court signed a certification confirming that this "is a plea-bargain case, and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal."[1] Tex. R. App. P. 25.2(a), (d). This is borne out in the

---

[1]The certification was signed not only by the trial court but also by Sparks and Sparks's trial counsel. *See* Tex. R. App. P. 25.2(d).

numerous waivers, acknowledgments, and written admonishments accompanying the judgment as well.[2]

Because a criminal appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we contacted the parties and warned that we would dismiss the appeal unless a party wishing to continue it showed grounds for doing so. *See* Tex. R. App. P. 25.2(d), 44.3. Sparks filed a timely response, but it does not show grounds for continuing this appeal. *See* Tex. R. App. P. 25.2(a)(2).

---

[2]In one document accompanying the judgment, Sparks affirmed that he "underst[oo]d" that he "d[id] not have the right to appeal without permission of the Court, except for those matters raised by written motions filed and presented to the Court prior to trial." In another, Sparks signed directly below a paragraph entitled "WAIVER OF APPEAL," confirming that he understood that if the trial court accepted the plea bargain then he "d[id] not have the right to appeal," confirming that he "ha[d] been fully informed by the Judge of this Court and by [his] attorney," and confirming that "[w]ith a full understanding of the foregoing, [he] . . . in person, in writing, and in open court waive[d] the right to any appeal in this case and state[d] that [he] d[id] not desire to appeal." The trial court also provided Sparks with written admonishments that informed Sparks of his rights and of the fact that, if the court accepted the terms of the plea bargain, "[Sparks] c[ould ]not appeal this case without the Court's permission except for matters raised by written motions filed prior to trial." Again, Sparks signed to acknowledge that he had received the admonishments and that he understood them.

3

Because Sparks acknowledges what the trial court's certification states—that this is a plea bargain case in which Sparks waived his right to appeal—we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 17, 2022